Attachment B for Civil Action Number **6-23-CV-334**    Plaintiff: Carrie Nicole Thomas, pro se    145 Northvail Dr. Madison Heights, VA 24572    202-603-8239

## NAVSEA POC LIST FOR FORMAL AND INFORMAL RA and SECURITY CLEARANCE, Co-workers etc.

| NAME (Last, F) | POSITION | GOV - CSS | LOCATION | WORK NUMBER | EMAIL ADDRESS | NOTES | |
|---|---|---|---|---|---|---|---|
| PEO IWS 3 (Program Element Office, Integrated Weapons Systems) - POCs | | | | | | | |
| Keegan, John CAPT (MPM) | IWS3 MPM | MIL/GOV/SUPV | Rm 1312 | 703-872-3700 | john.keegan@navy.mil | MAJOR Program Manager (PM) over all IWS 3 employees | |
| Johnson, Kirk (DPM) | IWS3 Deputy MPM | GOV/SUPV | Rm 1313 | 703-872-3772 | kirk.e.johnson@navy.mil | Deputy MAJOR Program Manager (PM) over all IWS 3 employees. MY 2ND LINE SUPERVISOR AFTER CAMPBELL. He refused to offer me any help or relocation within NAVSEA, even after CAMPBELL received her Punitive Letter for email to another employee about 'Cutting the cord' and sharing my HIPAA information | FRONT OFFICE EMPLOYEES |
| Foote, Lisa | IWS 3 Lead Executive Assistant (EA) & Lead IWS3 Security | GOV | 1301T | 703-872-1068 | lisa.foote@navy.mil | Executive Assistant to PM & DPM, IWS 3 Security Lead - AKA "Chief of Staff" - **Non-supervisory**. She was aware of my mental health appointments, and where I was struggling to remain effective at work. Also as the head of IWS3's Security chain of command, I did my due diligence to report to security. She did not forward to NAVSEA Security office. This is not my fault. She was asked to 'keep an eye on me, if Campbell was not in the office. | |
| Hoskinson, Michael | former IWS3E | CSS (New Location) - Unable to find in DOD Whitepages? | Defense Logistics Agency (DLA) - Last known | unable to locate | unable to locate | CSS-left IWS3E per request to his company due to Sarah's Treatment towards him after he showed me the email she had sent to him. **AND HIS COMPANY AGREED!** As of Oct 2019, I only have an email to his new agency: DLA. He was the employee who received CAMPBELL's disgusting email, he also wrote a letter of the things she would say to my co-workers about me, behind my back. She admitted SHE WAS GOING TO GET RID OF ME to him. Unfortunately, it's been so long, I cannot find Mr. Hoskins | FORMERLY WORKED IN IWS 3E WITH SARAH CAMPBELL |
| Johnson, Christian | IWS3L (former 3E) | GOV | 1214U | 703-872-3770 | christian.e.johnson@navy.mil | Contacted Head of NAVSEA to get moved out of IWS 3E - due to Sarah's negative treatment towards him. Sat in the cubical next to me for a little over a year, he was in contracting and I was in finance. We had to work together closely. | |
| Nunn, Darryl (Left IWS, can't find) | IWS 3 Security, Secondary | CSS (New Location) - Unable to find in DOD Whitepages? | 1301G | 703-872-3425 | darryl.nunn.ctr@navy.mil | Sat in the same aisle I did (1 row over from Sarah's office), only point in the office with access to the fax machine (on his desk). He was VERY aware of my health issues. Not only did we speak about them, but he was receiving all the faxes from my Doctors, etc. I heard he left a few months after my Indefinite Suspension on 10/1/19 | SAT IN THE SAME ROW AS I DID. ASKED |
| Burke, Tom | IWS3E | CSS | 1301F | 703-872-1061 | thomas.d.burke.ctr@navy.mil | My CSS counterpart in IWS3E. He can testify to the number of times Campbell stopped by my desk daily, and how she would harass me until I was in tears. | |

1

Case 6:23-cv-00034-NKM   Document 2-1   Filed 06/21/23   Page 2 of 16   Pageid#: 17

Attachment B for Civil Action Number _____    Plaintiff: Carrie Nicole Thomas, pro se   145 Northvail Dr. Madison Heights, VA 24572   202-603-8239

## NAVSEA POC LIST FOR FORMAL AND INFORMAL RA and SECURITY CLEARANCE, Co-workers etc.

| NAME (Last, F) | POSITION | GOV - CSS | LOCATION | WORK NUMBER | EMAIL ADDRESS | NOTES | WHERE I WAS OFTEN |
|---|---|---|---|---|---|---|---|
| Steele, Mark | IWS3 - IT | CSS | 1301K | 703-872-3591 | mark.steele.ctr@navy.mil | Sat in the same aisle I did (1 row over from Sarah's office). Can testify to the number of times Campbell came to my desk daily to check up on me and how she would harass me until I was in tears frequently. | |
| Johnson, Dior | IWS3 - IT | CSS | 1301J | 703-872-3578 | dior.johnson1.ctr@navy.mil | Sat in the same aisle I did (1 row over from Sarah's office). Can testify to the number of times Campbell came to my desk daily to check up on me and how she would harass me until I was in tears frequently. | |
| **Campbell, Sarah** | IWS 3E DIRECTOR | GOV/SUPV | Rm 1304 | 703-872-3708 | sarah.w.campbell@navy.mil | Deputy Director IWS3E, then 'Acting Director' when her supervisor left, now Director. She was **my direct supervisor**, and created a highly toxic work environment for me. THIS IS WHERE I'D LIKE TO START WITH TESTIMONY. | |
| Thomas, Carrie (Me) | IWS 3E Senior Financial Manager, only FM in IWS3 organization who reported directly to Ms. Campbell | GOV | 1301H | ~~703-872-1071~~ | ~~carrie.n.thomas@navy.mil~~ | Left my information on here, to show the proximation of me to my co-workers/ Supersivor by desk # | |
| Porter, Daniel | 3L | GOV | 1214N | 703-872-3512 | daniel.l.porter@navy.mil | 2018 CFC CO-CHAIR. We worked great together - without Sarah, beat last year's fundraising due to our efforts | |
| Davis, Wesley | 3C | GOV | 1322MM | 703-872-3415 | wesley.r.davis@navy.mil | Is either 'Acting' or appointed as Lead BFM for IWS 3C (my initial position before being moved to IWS 3E). He was also a witness to the favortisim and toxic work environment I was forced to deal with | |
| **NAVSEA LEASES SPACE THROUGH RAYTHEON - TOM HARVAT IS RAYTHEON SECURITY. STILL MAKING HIM A CSS EMPLOYEE** (ie:Management should not be sharing personal items with him) ||||||||
| Harvat, Tom | Raytheon - On Site | CSS | 1203 | 703-872-3707 | thomas_harvat@raytheon.com | The worksite IWS 3 occupies is leased to US Navy by Raytheon. 2450 Crystal Dr. Arlington, VA 22202 (Floors 11, 12, 13). He is the the Raytheon Security Manager. He was asked by Sarah to watch the camera for my arrive time - however, I was never shown the footage, nor was I told which cameras were watched? There are several ways to access my worksite, WERE ALL CAMERAS CHECKED? | |
| **NAVSEA HQ HR - DIFFERENT DIVISIONS I'VE HAD CONTACT WITH** ||||||||
| *NAVSEA HR/LER (Labor Employee Relations) - Supports Management almost entirely* ||||||||
| **Ellis, Norman** | Human Resources/ Labor Employee Relations (HR/LER) | GOV | NAVSEA HQ | 202-781-3413 | norman.ellis@navy.mil | Has attended every punitive letter I've been served, my rebuttal, and the final decision. He is the 'go to' for my management team and has steered them the entire way through punitive letters, into Security Clearance revocation. Continuously told me 'once I behanve, I can have some RA items'. Didn't care that RA request had been sitting out for over 2 years - best to just get rid of me! | |

Case 6:23-cv-00034-NKM   Document 2-1   Filed 06/21/23   Page 3 of 16   Pageid#: 18

Attachment B for Civil Action Number_____   Plaintiff: Carrie Nicole Thomas, pro se   145 Northvail Dr.  Madison Heights, VA 24572   202-603-8239

## NAVSEA POC LIST FOR FORMAL AND INFORMAL RA and SECURITY CLEARANCE, Co-workers etc.

| NAME (Last, F) | POSITION | GOV - CSS | LOCATION | WORK NUMBER | EMAIL ADDRESS | NOTES |
|---|---|---|---|---|---|---|
| Trower, Craig G | Head of HR/LER (Ellis' Supervisor) | GOV | NAVSEA HQ | 202-781-0438 | craig.trower@navy.mil | "Ms. Thomas, thanks for your feedback. I will address this with Mr. Ellis." (Nothing) |
| *NAVSEA HQ - REASONABLE ACCOMMODATIONS OFFICE* ||||||||
| ~~Joseph, Debbie~~ | ~~Reasonable Accommodations (RA) PM~~ | ~~GOV (New Location)~~ | ~~NAVSEA HQ~~ | ~~202-368-2421~~ | debbie.joseph@navy.mil | Served as NAVSEA'S RA POC until roughly Aug 19. She was physically located in Norfok, VA, all our work was done via telecon - I never met her. I've been told she no longer works for NAVSEA/RA office. (Or even if she still works for the US NAVY?) She informed both Sarah and myself that the RA team can only provide guidance for an RA, but it's ultimately up to my direct supervisor to make the final decision. |
| Ashford, Tiana | RA - NEW PM | GOV | NAVSEA HQ | 202-781-5434 | tiana.ashford@navy.mil | Current RA POC (maybe?), doesn't know much about my case.  She can inform you of the law, and timeliness of reply, and the reply can only be provided by the requesters Supervisor |
| *NAVSEA EEO COUNSELORS & INTAKE PERSONNEL* ||||||||
| Turner, Daria | EEO Counsellor | GOV | NAVSEA | (202) 781-5336 | darria.turner1@navy.mil | Helped me when I started my EEO case again.  RA process was not working, and on 5 May I was served a 5-day Proposed Unpaid Suspension.  She worked quickly to get me in touch with Ms. Aubrey Calle for my intake |
| Matthews, Theresa | EEO Counsellor | GOV | NAVSEA | 202-781-0511 | theresa.a.matthews@navy.mil | ~ Originally was my intake specialist on 9 OCT 18 - however; once she introduced me to the RA process, I felt that would be the better way to go for everyone.  So I worked hard to get everything together, and submit my RA package, and started working with Debbie Joseph
Ms. Matthews set up ADR. For 5/14/18. Management canceled the ADR stating I was unavailable - however; they had emails from Veronica Monk (Security) that I'm allowed to attend, I'd just need an escort).  Another 'co-incidental' timing from my 5-day Suspension disipline (05/06/18-05/10/18) and my NAVSEA clearance removal email sent at 1745 on 05/10/18.  Management claims my suspension is WHY we couldn't particiapte in ADR. *not true*
Ms. Matthews again attempted to set up an ADR under formal investigation, asking our eligibility for: 15, 16, 17 October 2019.  Kirk Johnson said he could not make it....  Why not send someone else?  His boss? Etc?
Ms. Matthews hard work finally got management to the ADR negotiation table on 19 NOV 19 |
| Calle, Aubrey M | EEO Intake Counselor (Informal) | GOV | CALIFORNIA NAVSEA | 805-228-8998 | aubrey.calle@navy.mil | Provided Intake, and eventually - approval to file formal complaint.  Attempt to set up ADR with management, but management canceled. |
| Meadows, Cheryl B. | EEO Complaints Manager | GOV | NAVSEA HQ | (757) 534-3730 | cheryl.meadows@navy.mil | Adjudicator for my 'Formal EEO Complaint filing'.  Received a partial approval. I have submitted additional informtion to extend the case, due to additional punishments occurring after I submitted original case in JUN 19. |
| **NAVSEA and HIGER LEVEL SECURITY** ||||||||

Attachment B for Civil Action Number_____  Plaintiff: Carrie Nicole Thomas, pro se  145 Northvail Dr. Madison Heights, VA 24572  202-603-8239

## NAVSEA POC LIST FOR FORMAL AND INFORMAL RA and SECURITY CLEARANCE, Co-workers etc.

| NAME (Last, F) | POSITION | GOV - CSS | LOCATION | WORK NUMBER | EMAIL ADDRESS | NOTES | |
|---|---|---|---|---|---|---|---|
| Monk, Veronica | NAVSEA SECURITY | GOV | NAVSEQ HQ | 202-781-5245 | veronica.monk@navy.mil | At least 7 emails/phone calls trying to understand why decision was made if they had information which was 'contradictory'? No Reply. REQUESTED PROOF FOR MY ALLIGATIONS - SHE SAID SHE DOES NOT HAVE TO PROVIDE ME WITH ANY EVIDENCE, JUST ANSWER THE ALLIGATIONS | Only members of Security I was able to speak to. Not many answers |
| Segura, John | NAVSEA SECURITY DIRECTOR | GOV/SUPV | NAVSEA HQ | 202-781-4034 | john.segura1@navy.mil | Admitted in his Interrogetory that he did NOT consider the letter provided by my Psychiatrist, Dr. Randolph Frank, my Dr. for 3 years. Instead he revoked my clearance and sent it to the next level for review (DOD CAF) | |
| Collins, Lenora | NAVSEA Liason with DoD CAF | GOV | NAVSEA HQ | 202-781-2546 | lenora.n.collins.civ@us.navy.mil | As my DOD CAF contact, everything had to go through her. Although it would take months, over a year, to hear anything from DOD CAF, she was demanding I be seen by one of the Navy's psychiatrists. I was happy to do so - BUT, THIS WAS MID 2020-2021 *COVID*. All government was working from home, but I was expected to drive from 4 hours to Norfolk, VA (very high COVID rate of infection). If I refused the appointment, she said she would consider me 'NON-COMPLIANT'! | |
| | | | | | | | |
| OTHER MEMBERS WHO PARTICIPATED IN MY ADR WITH MR. KIRK JOHNSON ON 19 NOV 19 | | | | | | | |
| Lippman, Steven | NAVSEA LEGAL | GOV | NAVSEA HQ | 202-781-2133 | steven.lipmann@navy.mil | Has attended one of my grievence sessions (I believe it was after I had served the 5-day Suspension - I had the chance to file a grievence again). He was there by my request, but even if I asked him the smallest legal question - MR. ELLIS WOULD REMIND ME THAT MR. LIPPMAN WORKS FOR MANAGEMENT, NOT ME. He was definitely at the ADR between me and Mr. Kirk Johnson - He spoke a lot there. | ADR team. CAMPBELL was not made available for this meeting. Taking months to happen. |
| Martinez, Javier | NAVSEA LEGAL Associate Counsel | GOV | NAVSEA HQ | 202-781-1258 | javier.l.martinez2.civ@us.navy.mil | Currently my POC for NAVSEA Legal | |
| Berry-Washington, Armalia | NAVSEA ADR MODERATOR | GOV | NAVSEA HQ | ? | armalia.berry-washin@navy.mil | MODERATOR for 19 NOV 19. I'm unsure if she can disclose anything that was said in the ADR. But since it was unsuccesful anyway. I would like to know why she didn't push Kirk Johnson a bit more, when I had evidence he knew of my mental illness, but sat there and claimed he didn't know?? | |
| My Representative for the initial EEO Complaint I started intake on 9 OCT 18 | | | | | | | |
| Thomas, David | Spouse / EEO Representative | Not Employed by Government | N/A | 703-795-6239 | davecarrie@gmail.com | There to support me, as I struggle with MAJOR DEPRESSIVE DISORDER (MDD), and the negativity management continues. He has directly witnessed Norman Ellis' hateful, disrespectful behavior towards me. | |

4

Attachment F for Civil Action Number  6:23CV34          Plaintiff: Carrie Nicole Thomas, pro se
                                                        145 Northvail Dr.  Madison Heights, VA 24572
                                                        202-603-8239

# F1. FAILURE TO PROCESS A REASONABLE ACCOMMODATION (RA)

The RA process has been set forth by 5 different laws, directions, and instructions which are applicable to every employee within NAVSEA (Naval Sea Systems Command) HQ (Headquarters) WNY (Washington Navy Yard):

Ref. A - Executive Order 13164 July 28, 2000 (*having the effect of law*)
Ref. B - US EEOC - Policy Guidance on Executive Order 13164
Ref. C – DON (Dept of the Navy) CHRM (Civilian HR Management) Subchapter 1606
Ref. D - NAVSEAINST 12720_6 - Processing RA
Ref. E – Cheat Sheet Provided by NAVSEA's RA office Director

Guidance of most importance, which was ignored by my Supervisory and HR team:

1. An employee … may request an RA in 'plain English' in other words identify a need for an RA, without actually using the word 'RA' or evoking 'Section 501 of the Rehabilitation Act of 1973'.
2. The decision must be provided to the employee by their direct <u>supervisor</u>.  The RA board is available to provide assistance to supervisors as needed.
3. The decision must be provided in **WRITING**
4. The written decision must be provided within **30 days** from the RA request (even if it's just to say why more time is needed)
5. There are only 3 possible responses to either a formal or informal RA request:
    a. <u>APPROVED</u>: The supervisor agrees to all the terms as set forth within the RA request. [Employee cannot aggrieve].
    b. <u>SUBSTITUTED</u>: The supervisor will provide similar accommodations which achieve the same end result [Employee can aggrieve]
    c. <u>DENIAL</u>: The supervisor is not able or not willing to provide and RA to their employee [Employee can aggrieve].

INFORMAL RA REQUEST – Reply never received
26 APR 17 – I submitted an informal RA request via email to my direct supervisor, Campbell, explaining I may arrive late due to medical issues, or new medications, but will stay over later to make up for the time.
   ∴   Nothing was ever done to process this Informal Request


FORMAL RA REQUEST – Untimely Reply
26 NOV 18 – I submitted a formal request for accommodations.  On the same day, Campbell signed and provided her information to the NAVSEA RA director.

Page 1 of 7

Facts of the Case – Attachment F

Attachment F for Civil Action Number _____   Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr.  Madison Heights, VA 24572
202-603-8239

∴ 10 JUL 19 – After numerous phone calls from me to anyone in NAVSEA that would listen, I finally received a written response from Campbell, as "**Approved**". (By this date I've already been suspended by NAVSEA Security while they are investigating my clearance, per negative information provided by Campbell).  121 days in excess of Ref. C mandated by DoN (Department of the Navy)

RA REQUESTED BY EMPLOYEE vs RA PROVIDED BY SUPERVISOR

The letter stated my RA was "**Approved**", but here's how it matches with what I requested. By titling the RA Request reply as 'APPROVED,' I am not allowed to file any grievance.

**Comparison of RA Requests and 'RA APPROVALS'**

| *MY REQUESTS: | **MY APPROVALS (per SER IWS 3.0/142 of 10 July 19 |
|---|---|
| * 1. Moved back to AWS 5 (Maxiflex) - [Flexible arrival/departure times] | 3a. Arrival time was changed from 0830-0900 |
| * 2. Ability to work Credit Hours | 3b. Breaks During Workday |
| * 3. Removal of Letter of Recommendations & Letter of Reprimand | 3c. Email organization |
| * 4. Telework | 3d. Work-Issued Cell Phone |
| 5. More direct communication with my supervisor | 3e. Office Cube Reconfiguration |
| 6. Different supervisory method - or, if that cannot be made, different supervisor | 3f. Time management, organization |

\* These items were removed by punitive letters issued **AFTER** my request for an RA

ADDITIONAL LAWS:
- 29 C.F.R. §§1630.2(c) and (p)
- Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, EEOC No. 915.002 (Oct. 17, 2002) ("Enforcement Guidance")

Facts of the Case – Attachment F

Page **2** of **7**

Attachment F for Civil Action Number _____     Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr. Madison Heights, VA 24572
202-603-8239

# F2. 3 PUNITIVE LETTERS ISSUED BY THE SAME SUPERVISOR WHO WAS, BY LAW, SUPPOSED TO ME CONSIDERING MY RA:

LETTER OF REQUIREMENT: [LOR1]
5 JUN 19 - Issued by Campbell to Thomas (with Ellis present) removes all rights to telework, use or earn any credit hours (hours over 80/pay period) and to fluctuate my report and departure time to ensure I work 80 hours per week. This 8-page document was served to me by Campbell and Ellis with no warning, no discussion, nor to see if I understood all of the strict requests. Such as, if I'm ever out of the office, even for an hour – I must provide a Doctor's Note, and it must contain the exact wording Campbell was requiring. Otherwise, I run the risk of being marked AWOL (Absent With Out Leave). Was originally to last for 6 months, Campbell extended it to another 6 months on 14 DEC 18.
∴ This was not a plan for success, it was a roadmap for failure and additional punishment.

LETTER OF REPRIMAND: [LOR2]
30 OCT 18 - Issued by Campbell to Thomas (with Ellis present) sited dates and times when I had reported late, or stayed afterwork to catch-up late. Requested status on my RA and was told by Ellis, "we can't treat you any differently until your request has been approved."

LETTER OF SUSPENSION (5-DAYS): [LOR3]
2 MAY 2019 – Issued 5-day suspension by Campbell and Ellis, without pay for the same reasons I was issued LOR2. Neither of them would discuss either my formal or informal RA request.

CONTRADICTING ALL 3 LETTERS:
19 DEC 2018 – Campbell DIRECTED ME TO WORK 11 HOURS. There was a briefing which was needed the next morning, I was the only person available. You CANNOT write me up for working more than an 8 hour day, and then request me to do the very same action, only when it's convenient for you!

25 JAN 2019 – Campbell watched the camera in my workspace (I don't know if it was just one, but there are 3 ways to enter) and before telling me, or allowing me to explain, she went into the Timekeeping software and added over an additional 15 hours of AWOL. Going back as far as 6 WEEKS ago, to amend a timesheet she had already approved.

Attachment F for Civil Action Number _____   Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr. Madison Heights, VA 24572
202-603-8239

## F3. EMAIL BREAKING HIPAA LAWS and SUPERVISOR ADMITTING WANTING TO GET RID OF ME:

21 SEPT 2018 – I discovered an email Campbell sent co-worker stating, "I've been trying to get [Thomas] to complete a task, any task, but I've been struggling, even though I know one of you cost people could do it I a snap. Just didn't have an opportunity to BREAK THE CORD until [Thomas] decided to seek TREATMENT FOR 3 WEEKS, but now I do."

24 SEPT 2018 – I confronted Campbell's supervisor, Johnson. He assured me he would take care of this getting HR involved and some type of ADR (Alternative Dispute Resolution). I additionally requested a new supervisor. After this discussion with him on this day, I never heard another word from him.

28 SEPT 2018 – I confronted Campbell herself with the email she had written. She was extremely upset, and quite upset with me for taking it to her supervisor.

### RETALIATION & TOXIC WORK ENVIRONMENT
1 OCT 2018 – **1 working day** after I confronted Campbell about this email, I was marked **AWOL** for the first time in my entire 24 years with the military (including in uniform). I even provided a doctor's note, but she chose not to accept it.

### CAMPBELL WAS ISSUED HER OWN LETTER OF REPRIMAND
30 OCT 18 – Campbell received her letter, the exact same day she served me with mine. For Campbell, management enrolled her into courses, and provided her with coaches and mentoring, for me, I couldn't even get a different supervisor. I was never offered any source of positive improvement plan to become a better employee if that was their desire.

Attachment F for Civil Action Number _____

Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr. Madison Heights, VA 24572
202-603-8239

## F4. MANAGEMENT AND HR SEND MY CASE TO SECURITY TO REMOVE ME FROM THE WORKPLACE

6 MAR 2019 – An email sent from Monk (NAVSEA Security office) to Campbell and Ellis encouraging security take further action to remove me instead of continuing with managements punishments. In this email:

> "Good morning. When will the supporting documents be turned in? Please advise Ms Thomas directly in order for the process to continue or be in her favor **she needs to provide the burden of proof. Otherwise; she will continue down this same path**."

CHARGES MADE WITHOUT PROOF (Intent to Revoke)

10 MAY 2019 – NAVSEA security office sends letter "Intent to Revoke Security Clearance" charging me with these conditions, to explain their concern for my ability to keep Government secrets:
- Personal Conduct
- Drug Involvement
- Psychological Conditions
- Suicidal Ideations

I asked Monk to provide me with PROOF of these allegations, none was provided. According to the record, the only person who provided input to NAVSEA security was Campbell. I was told to answer the allegations, not to worry about proof.

### F4a. NAVSEA DID NOT INVESTIGATE MY CASE

15 JUL 2019 – Security issued their "Decision to Revoke Security Clearance". Signed by the Director of Security, Segura. Once I had a chance to review the entire Security file, Segura admitted in his interrogatory he <u>DID NOT CONSIDER</u> the letter provided from my psychiatrist of 3 years, Dr. Randolph Frank, MD. which would have provided sufficient information that these allegations were incorrect.

I was never even provided a drug uranalysis test for the 'Drug Involvement' charge.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

All of the information proceeding this was adjudicated by the Equal Employment Opportunity Commission (EEOC)
Original: May 9, 2021 [Case 2021003181] and Reconsider: October 11, 2022 [Case 2023000253]

### At this point, the case becomes bifurcated

Once Security Clearances become involved, it's a matter to be heard by the Merit Systems Protection Board (MSPB)
Pleading Number: 2021041256

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Attachment F for Civil Action Number _____       Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr. Madison Heights, VA 24572
202-603-8239

## F5. NAVSEA HR and Management places me on Indefinite Unpaid Suspension

10 OCT 2019 – Johnson places me in an unpaid status pending my Security Clearance Review from the next agency in the process DoD CAF (Department of Defense, Consolidated Adjudications Factility). Johnson also alleges there was no position available for me to work while pending the outcome.

## F6. DOD CAF had me meet with their Navy Psychiatrist in Norfolk, VA

7 APR 21 – Collins forced me to travel to Naval Medical Center Portsmouth, 4 hours away, when COVID was at an extreme level of infection in the Tidewater, VA area. I kept my in-person appointment with an evaluation @1:00 with Dr. Gatewood. **F6a and F6b are mutually exclusive.** Either Dr. Gatewood found me a threat (as DOD CAF asserts) or he found me to be of sound judgement (which he did according to my FOIA Request). Which is the truth?

   F6a. DoD CAF claims the Navy psychiatrist supported the need to suspend me.
8 APR 21 - DOD CAF's analysis of my psychological review with Mr. Gatewood resulted in:
- Your behavior casts doubt on your judgment, stability, reliability, or trustworthiness, and may indicate an emotional, mental, or personality condition."
- Also, you have a history of illness, mental conditions, or behaviors of concern that raised concerns about your ability and/or willingness to properly safeguard classified information or perform sensitive duties. According to the mental health professional, your behavior has resulted in concern for your psychological, social, and occupational functioning and has not been cured."
- "Your unstable behavior indicates you may have an emotional, mental, or personality condition. Further, your history of conditions that have affected your actions at work cast doubt on your judgment, stability, reliability, trustworthiness, and ability and/or willingness to properly safeguard classified information.

   F6b. Received Navy psychiatrist's actual notes through FOIA. Did not match CAF's diagnosis to suspend
19 SEPT 22 – Per my request, DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY, released all documentation on my DOD CAF file, in compliance with the Privacy Act of 1974. Letter reference: DCSA-M 22-09903 provides all of Dr. Gatewood's notes, where he found me to be:

- Alert, cooperative, and fully oriented
- Appearance is sharp.
- Eye contact is good.
- Manner is engaged and open,
- Though when she provides information she tends to rely heavily upon impressionistic and non-specific speech, of distress and victimhood. [Although,] she employs a rationalization defense.

Page **6** of **7**

Facts of the Case – Attachment F

Attachment F for Civil Action Number _____   Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr.  Madison Heights, VA 24572
202-603-8239

- Speech Gate and Motor behavior are all within normal limits.
- Process is logical and linear at all times.
- Memory and attention are intact.
- Content of thought is non-psychotic.
- Mood is reported as "anxious".
- Affect is slightly full in range,
- She denies any thoughts of harming himself or others currently.
- Judgment is good.

I affirm that the data provided within this document is truthful to my knowledge and to the best of my ability and provided research,

_____
Carrie Nicole Thomas, pro se

June ____, 2023

Attachment H for Civil Action Number 6:23CV34

Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr. Madison Heights, VA 24572
202-603-8239

# RELIEF I AM REQUESTING FROM THIS COURT

## GETTING MY JOB BACK

First, it was not a 'job' to me, it was a career which I spent most of my life providing the best service I could to the men and women in uniform, including the 4 years I served in uniform.

I have achieved a Master's Degree in Public Administration, I have moved long distances several times to improve my skills, and once as the needs for the Air Force. Working a USAF and USN joint program, finally switching to the Navy. I worked hard to understand how 2 services work, and it's my opinion that I was very valuable employee.

I have been fighting a corrupt system since 2017. I took a stand for people with mental health issues, and I lost. After my Suspension on 10/01/2019 it was my desire have my career back and all of 2020. By 2021, I was barely able to handle daily adult activities due to all this stress and trauma. I almost never leave the house, and have been approved for Disability Retirement as of 09/29/2022.

## GETTING MY SECRET LEVEL SECURITY CLEARANCE RESTORED

I sincerely hope that one day I may beat this disability and return to the career I loved! There were several egregious errors made in the handling of my Security Clearance (explained later in attachment F). I'm hoping the court has the authority to demand NAVSEA Security, as well as DoD Consolidated Adjudications Facility (DoD CAF) to review the letters provided to them in 2019 by my psychiatrist of 3 years and in 2020 (during the height of COVID) forced to travel to Norfolk Navy Base Hospital and meet with a Navy psychiatrist.

Both of these men wrote a letter stating they did NOT agree with the reasons why my Security Clearance was revoked. I would like this to be resolved and not be a hinderance should I ever be able to return.

Page 1 of 5

Attachment H for Civil Action Number _____  Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr.  Madison Heights, VA 24572
202-603-8239

## TRAINING FOR NAVSEA MANAGEMENT ON HOW TO TREAT MENTAL HEALTH ISSUES

On 09/16/2013, the darkest day of many people's lives, a mentally disturbed man committed the most unthinkable act by becoming a workplace shooter. If the court has no authority in this matter, I beseech NAVSEA and/or the Department of the Navy to provide better training to supervisors on how to assist employees struggling with mental health issues.

### REASONABLE ACCOMMODATIONS

Managers should understand this process, or at the very least who to contact for assistance. It's NAVSEA's policy that the direct supervisor will decide on approval, denial, or substitution within 30 days. I submitted my request in 2017, and as of 2023, I still have not been provided with a proper answer (more information in attachment F)

### NAVSEA's CIVILIAN EMPLOYEE ASSISTANCE PROGRAM (CEAP)

Hopefully the court has the authority, or DoN and NAVSEA will take this advice to review their methodology in providing CEAP assistance. My experience was I would call the NAVSEA CEAP assistance line, they provided me with a few names and numbers, and it was my duty to call all of them and find my own mental health assistance.

The problem was, each psychologist I called (most of them didn't even return my call after leaving several messages) told me they don't accept MAGELLAN insurance – which is the insurance company used by NAVSEA CEAP.

I shouldn't have been forced to figure my way around insurance, and who is accepting new patients, etc. It took me over a year to find a psychologist, and CEAP only covers 5 sessions. It was a complete waste when I truly needed help.

### PRECEDENCE THIS SETS FOR FUTURE NAVSEA EMPLOYEES WITH MENTAL HEALTH ISSUES

Many of my former co-workers knew what was happening to me. They saw me take a stand for people with mental illness and may take some type of medication to help with their symptoms.

Page 2 of 5

Attachment H for Civil Action Number _____  Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr.  Madison Heights, VA 24572
202-603-8239

## According to the Center for Disease Control and Protection (CDC)

- More than **1 in 5** US adults live with a mental illness.
- About **1 in 25** U.S. adults lives with a **serious mental illness**, such as schizophrenia, bipolar disorder, or major depression.

This is a very serious matter, which impacts many people. It honestly concerns me that NAVSEA allows supervisors to create toxic environments and basically bully their employees to either find another job, or get rid of them any way they can – rather than helping. We train for Active Shooters, but we don't train how to recognize the early symptoms of mental illness.

How many people will be afraid to go seek counseling, or medication, and report this to security when they see what has happened to me?

Is it possible that people with Mental Health issues are all viewed as potential workplace shooters, and it's easier for NAVSEA to discriminate due to the trauma suffered that day?

## MONETARY COMPENSATION

Honestly, no amount of money will ever alleviate the stress, anxiety, and trauma I have been through for the past 7 years (2017-2023) and it's still not over. No settlement will change the fact that I have lost the most beloved thing in my life – my career, when it wasn't necessary. I just needed a little bit of help and understanding. I know I would still be serving my country had I been treated with respect and tolerance. Therefore; I am asking the U.S. Navy to reimburse me for ALL the years I could have had a successful career.

I hope the court understands the reason I am requesting such a high dollar amount is:

1. It is the honest truth of the damage that has been done to me, due to discrimination
2. A settlement like this would force the U.S. Navy to pay attention to this matter. Make changes needed, and take mental health matters seriously.

Page 3 of 5

Attachment H for Civil Action Number _____

Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr. Madison Heights, VA 24572
202-603-8239

## DETAILS OF MY $2,652,432 SETTLEMENT REQUEST

### TO RESOLVE ILLEGAL DISCRIMINATION - DISABILITY
### (LOST 15 YRS OF MY FUTURE CAREER)

**LOSSES BEFORE UNPAID SUSPENSION [10/01/2019]**

| PAY REDCUED BY: | Hours | $/hr 2019 | TOTAL LOSS |
|---|---|---|---|
| AWOL HOURS | 93.01 | $ 59.74 | $ 5,556.42 |
| FMLA HOURS | 213.50 | | $ 12,754.49 |
| 5-Day Suspension | 40.00 | | $ 2,389.60 |
| Timecard SUB-TOTAL | 346.51 | | $ 20,700.51 |
| | | | |
| PAIN/ SUFFERING FOR DISCRIMINATION - 2.5 YRS PAY | | | $ 311,667.50 |
| | | | |
| 40% Tax bracket due to Lumpsum Pmnt (State & Fed) | | | $ 199,420.80 |
| This amount MAY change as it is a % of the 2 items above | | | |
| TOTAL BEFORE UNPAID SUSPENSION | | | $ 531,788.81 |

**FUTURE LOSSES [From Age 46 - Age 62]. Loss of income:**

| | |
|---|---|
| FUTURE SALARY - (40% receiving from Disability) | $ 1,314,417.31 |
| FUTURE TSP 7% - (unable to pay on 40% salary, plus Gov matching) | $ 236,432.93 |
| FUTURE FEHB + FEDVIP (Treat illness caused by mismanagement) | $ 393,977.27 |
| FUTURE FEGLI | $ 12,711.00 |
| FUTURE Settlement with Disability Retirement | $ 1,957,538.51 |
| | |
| 40% Tax bracket due to Lumpsum Pmnt (State & Fed) | $ 783,015.40 |
| This amount MAY change as it is a % of the 4 items above | |
| TOTAL LOSS AFTER FORCED RETIREMENT | $ 2,110,143.72 |

Page 4 of 5

Attachment H for Civil Action Number _____

Plaintiff: Carrie Nicole Thomas, pro se
145 Northvail Dr. Madison Heights, VA 24572
202-603-8239

## SETTLEMENT AMOUNT CONTINUED

| Attorney's Court's Printing, Mailing Fees | | |
|---|---:|---:|
| Tully Firm (EEOC representative) | $ | 12,500.00 |
| Harris Firm (Disability Retirement representative) | $ | 5,000.00 |
| Court Fees, Mailing, Misc. | $ | 2,500.00 |
| Subtotal Fees | $ | 20,000.00 |
| | | |
| 40% Tax bracket due to Lumpsum Pmnt (State & Fed) | $ | 8,000.00 |
| *This amount MAY change as it is a % of the 4 items above* | | |
| | | |
| **TOTAL EXPENDITURES outside of my own time** | $ | 10,500.00 |

| **TOTAL DEMAND AMOUNT AS OF 06/15/2023** | **$ 2,652,432.00** |
|---|---:|

**NOTE:**
Assumes earliest retirement, at age 62 on my SCD Anniversary, 39 years of Service

| 7/16/2035 | Early Retirement |
| 7/16/1996 | Began |

Assumes standard COLA, not based on COLA for Washington DC
Assumes court fees will not be more than $2,500. This may change

## SETTLEMENT OUTSIDE OF COURT

I am willing to discuss an out of court settlement. However; it will need to be an earnest and equitable offer, otherwise I am prepared to take this to the court.

Sincerely,

*Carrie N. Thomas*

Carrie N. Thomas

June _____, 2023

Page **5** of **5**