IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CARRIE N. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:23-cv-00034 |
| ) | |
| CAROLS DEL TORO, SECRETARY, ) | |
| DEPARTMENT OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |

**THE NAVY'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

Plaintiff Carrie N. Thomas sued the Department of the Navy purportedly for violations of the Rehabilitation Act and the Health Insurance Portability and Accountability Act (HIPAA). Compl., ECF No. 2. Thomas claims the Navy failed to appropriately process her request for a reasonable accommodation and retaliated against her for making such a request in violation of the Rehabilitation Act. She additionally alleges her supervisor violated HIPAA by emailing a colleague that Thomas was seeking treatment for three weeks and then retaliated against her for confronting her supervisor about the purported HIPAA violation. Thomas further alleges her supervisor created a hostile work environment. Last, Thomas challenges the revocation of her security clearance, resulting in her indefinite suspension. Her Complaint should be dismissed in its entirety for several reasons.

First, the Court lacks subject matter jurisdiction over Thomas's claims regarding her security clearance because security clearance decisions are not subject to judicial review. These claims should thus be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Second, all Thomas's claims are untimely and should be dismissed pursuant to Rule 56. Her claims under the Rehabilitation Act are barred by the statute of limitations because she did not

1

file her complaint within 90 days of the Equal Employment Opportunity Commission's (EEOC) final decision. Similarly, her claims challenging her indefinite suspension are barred by the statute of limitations because she did not file them within 30 days of the Merit Systems Protections Board (MSPB) final decision.

Third, Thomas's Complaint should be dismissed in its entirety Rule 12(b)(6) because she fails to state a claim for relief under the Rehabilitation Act or HIPAA.

Last, Freels is not a proper defendant, and the Court should deny Thomas's request to amend her Complaint.

A Memorandum of Law in Support has been contemporaneously filed.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

Date:  December 18, 2023

/s/ Krista Consiglio Frith
Krista Consiglio Frith
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA  24008-1709
Telephone:  (540) 857-2250
Facsimile:  (540) 857-2283
E-mail:  krista.frith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I caused a true copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, and via United States Postal Service to the following non-ECF participant:

Carrie Nicole Thomas
145 Northvail Drive
Madison Heights, VA 24572

/s/ Krista Consiglio Frith
Krista Consiglio Frith
Assistant United States Attorney