# EXHIBIT F

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| CARRIE NICOLE THOMAS, | DOCKET NUMBER |
| Appellant, | DC-0752-21-0311-I-2 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: January 20, 2022 |
| Agency. | |

Carrie Nicole Thomas, Madison Heights, Virginia, pro se.

Javier L. Martinez and Steven Lippman, Washington Navy Yard, D.C., for the agency.

**BEFORE**
Monique Binswanger
Administrative Judge

### INITIAL DECISION

On September 30, 2019, the agency indefinitely suspended the appellant from her position as a Business Financial Manager, NH-0501-IV, in the agency's Naval Sea Systems Command (NAVSEA). *See* Appeal File (AF), Tab 8 at 6. The appellant timely filed the instant appeal. AF, Tab 1. The Board has jurisdiction over this appeal pursuant to 5 U.S.C. §§ 7511-7513. On December 16, 2021, I held the requested hearing. *See* Refiled Appeal File (RAF), Tab 17 (Hearing CD, HCD).

For the following reasons, the agency's action is AFFIRMED.

## ANALYSIS AND FINDINGS

<u>Background</u>

On October 19, 2014, the appellant was appointed to the position of Financial Management Analyst, with a working title of Business Financial Manager, within the agency's Naval Sea Systems Command (NAVSEA). AF, Tab 5 at 28. Throughout the appellant's tenure, her Position Description (PD) has required that she maintain a security clearance with access to classified information, Secret level, and assignment to a sensitive position. AF Tab 8 at 23.

On May 10, 2019, John Segura, Director of Security, issued the appellant a written notice of his intent to suspend her access to classified information and assignment to a sensitive position, and specified therein the basis for the proposal. AF, Tab 8 at 33-35. Segura further notified the appellant that the appellant's physical access to NAVSEA facilities is temporarily suspended pending a determination on the proposal. *Id.* He stated that, should NAVSEA uphold the proposed clearance suspension, the issue would be elevated to the Department of Defense Consolidated Adjudication Facility (DoD CAF), and that she would remain unable to access NAVSEA facilities pending DoD CAF's final determination. *Id.* at 34. The notice informed the appellant of her opportunity to provide a written response to the proposal. *Id.* at 35.

The appellant was placed on paid administrative leave pending determination on the proposed clearance suspension. *Id.* at 29-31. On May 17, 2019, the appellant submitted a written response to the proposal. AF, Tab 8 at 38-48. Therein, the appellant disputed the substantive basis for the proposed suspension. *Id.* On or about July 1, 2019 and July 5, 2019, the appellant submitted to Segura an Addendum to her written response. AF, Tab 8 at 38, 49-55. Therein, the appellant alleged she has been subject to disability discrimination and retaliation, and that the agency failed to accommodate her disability. *Id.* She further presented additional substantive rebuttal to the stated

bases for the proposed suspension.  *Id.*  The appellant further submitted 24 documents as attachments to her Addendum.  AF, Tab 8 at 55.

On July 15, 2019, John Segura, Director of Security, issued a written decision suspending the appellant's access to classified information.  AF, Tab 16 at 18-20.  Segura upheld the proposed suspension of access following his review of the appellant's various replies thereto.  *Id.*  He stated her response did not mitigate NAVSEA's concerns regarding her classified access.  *Id.*  Accordingly, he locally suspended her clearance pending DoD CAF's final adjudication of her clearance eligibility.  *Id.*  He further noted that the suspension of the appellant's physical access to NAVSEA facilities would remain in effect pending that final adjudication.  *Id.*

The appellant's indefinite suspension of employment

On August 8, 2019, Sarah Campbell, Director of Contracts and Business Operations Surface Ship Weapons, issued the appellant a written Notice of Proposed Indefinite Suspension for failure to maintain a condition of employment, her security clearance.  AF, Tab 8 at 13.  Campbell, the appellant's supervisor, stated the appellant's position requires that she maintain access to classified information and assignment to a sensitive position.  *Id.* at 14.  She stated the appellant is unable to perform the essential duties of her position given the suspension of her access to classified information to inability to access NAVSEA facilities.  *Id.*  Campbell further stated that the agency does not have a policy requiring the appellant's transfer to a position that does not require access to classified information.  *Id.*  She stated the indefinite suspension, if sustained, would remain in effect until further notice.  *Id.*  Campbell explained that the appellant would be returned to duty if DoD CAF restores her security clearance. She further explained that the agency would initiate a proposal to remove her from employment if DoD CAF revokes her security clearance and she either does not appeal that decision or the appeal is unsuccessful.  *Id.* at 14-15.

Campbell identified Kirk Johnson, Deputy Program Manager of Surface Ship Weapons, as the Deciding Official for the proposed indefinite suspension and informed the appellant of her right to provide Johnson with an oral and/or written response to the proposal.  AF, Tab 8 at 15.  She further informed the appellant of her right to be represented by an attorney or other representative of her choosing, and stated that a final decision on the proposal would be made no earlier than 30 days.  *Id.*

On August 18, 2019, the appellant requested an extension of time until at least August 26, 2019, to respond to the proposal. AF, Tab 17 at 21.  Johnson granted her a ten-day extension of time.  *Id.*  On August 22, 2019, the appellant requested specifically the opportunity to present an oral reply to the proposal.  *Id.* at 20.  Johnson granted the request and set the oral response date for August 28, 2019.  *Id.* at 19.  On August 28, 2019, the appellant presented Johnson an oral reply to the proposed indefinite suspension.  AF, Tab 8 at 12-16.  Therein, she alleged the agency failed to follow NAVSEA security policy by failing to resolve its security concerns at the lowest level and that it did not do its due diligence.  *Id*.  She further disputed the substantive basis for the proposed suspension and reiterated her allegations of discrimination.  She stated she would accept a reassignment or a downgrade instead of the proposed suspension.  *Id.*

On August 29, 2019, the appellant presented Johnson a written reply to the proposed indefinite suspension.  AF, Tab 17 at 24-31.  Therein, the appellant again disputed the substantive basis for her security clearance suspension and alleged the agency failed to accommodate her disability.  *Id.*  She further alleged the agency failed to exercise due diligence in contacting her to explain inconsistent information she had provided.  *Id.* at 30-31.  She stated the agency should have made the clearance determination at the local level and that it failed to do so.  *Id.* at 31.

On September 30, 2019, Johnson issued a decision affirming the proposed indefinite suspension.  AF, Tab 8 at 6-10.  He stated therein that he considered

the proposal notice and related materials, as well as the appellant's written responses prior to making his decision on the proposal. *Id.* He found that the appellant could not meet the conditions of her employment due to the suspension of her security clearance and assignment to a sensitive position. *Id.* He determined the alternative options the appellant requested during her oral reply, such as a reassignment or a downgrade, were not appropriate and that the agency does not have a policy requiring such reassignments. *Id.* Accordingly, the appellant's indefinite suspension was effective October 1, 2019. *Id.* at 7. Pursuant to Johnson's decision letter, the appellant was notified that the indefinite suspension would continue until a final decision was made regarding her access to classified information and assignment to a sensitive position. *Id.* He specified that she would be returned to duty if her clearance is restored. He further specified that, should her clearance be revoked, the agency would propose her removal from service. *Id.*

<u>The agency has met its burden of proof</u>

When reviewing an agency decision to suspend a security clearance and a resulting adverse action, such as an indefinite suspension, the Board may not inquire into the substantive merits of the clearance determination. *See Department of Navy v. Egan*, 484 U.S. 518, 529-32, (1988); *Romero v. Department of Defense*, 527 F.3d 1324, 1328 (Fed. Cir. 2008), *Cheney v. Department of Justice*, 479 F.3d 1343, 1349-50 (Fed. Cir. 2007). The Board's inquiry is limited to determining whether the agency has proven by a preponderance of the evidence that (1) a security clearance was denied; (2) the security clearance was a requirement of the appellant's position; and (3) the applicable procedural guarantees were followed. *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000).

Procedural protections include those prescribed in 5 U.S.C. § 7513 and in agency regulations.  Per 5 U.S.C. § 7513(b), an employee against whom an action is proposed is entitled to:

> (1) at least 30 days' advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action;

> (2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;

> (3) be represented by an attorney or other representative; and

> (4) a written decision and the specific reasons therefor at the earliest practicable date.

I find the agency has satisfied these requirements in effecting the appellant's indefinite suspension.  The record evidences the agency provided the appellant at least 30 days advance written notice of the specific reasons for her proposed indefinite suspension, the right to respond orally and in writing to the proposal, the right to be represented, and a written decision not less than 30 days later containing the specific reasons for his removal.  AF, Tab 8 at 6-10, 13-15.  The appellant does not dispute that the agency met these statutory requirements.

In addition to the statutory requirements discussed above, the Board may also review whether the agency complied with its own procedures for suspending the appellant's clearance.  *Romero v. Department of Defense*, 527 F.3d 1324, 1328-30 (Fed. Cir. 2008); *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014).  Segura testified that Department of the Navy policy requires only that he notify an employee of his decision to suspend their access to classified information.   RAF, Tab 17 (HCD). Segura further testified that NAVSEA adds two additional steps to the process.  *Id.*  Specifically, NAVSEA first issues the employee a notice of its intent to suspend an employee's access and allows the employee 10 days to respond to the notice prior to Segura issuing a decision on whether to suspend access.  *Id.*  I find Segura's testimony credible

and reliable, as he is the NAVSEA Director of Security and the person responsible for implementing these procedures.  *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458-462 (1987).  Furthermore, the appellant failed to present any evidence rebutting his credible testimony.  *Id.*  I note that the appellant had the opportunity to testify at the requested hearing but chose not to do so.  AF, Tab 17 (HCD).

I find the agency met its burden of proving it complied with its internal requirements in suspending the appellant's access to classified information. Specifically, the documentary evidence establishes that the appellant received a notice of Segura's intent to suspend her access to classified information and the reasons therefore, and afforded her the opportunity to respond thereto.  AF, Tab 8 at 33 and Tab 16 at 19.  The documents of record further establish that the appellant was thereafter provided written notice and explanation of Segura's decision to suspend her access.  *Id.*  Segura credibly testified that the appellant's entire response was considered prior to issuance of his suspension decision, including the several untimely responses she presented in July 2019.  RAF, Tab 17 (HCD).  The appellant has failed to present credible evidence rebutting these credible documents and testimony of record.

Accordingly, I find the agency has met its burden of proving it complied with all statutory and internal requirements in effecting the appellant's clearance suspension and her indefinite suspension from employment.

The appellant failed to establish the agency committed harmful error

The Board may not sustain an adverse action decision if the employee can show harmful procedural error in the application of the agency's procedures in arriving at such a decision. 5 U.S.C. § 7701(c)(2)(A). To prove harmful procedural error, the appellant must prove by a preponderance of the evidence that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  5 C.F.R. § 1201.4(r),

5 C.F.R. § 1201.56.  The appellant made several allegations that the agency failed to comply with its own procedures in the processing of her clearance suspension. As set forth above, the Board may review whether the agency complied with its own procedures for taking an adverse action, such as an indefinite suspension, based on a security clearance suspension or revocation. *Romero*, 527 F.3d at 1328-30; *Schnedar*, 120 M.S.P.R. at 516, ¶ 8.  As such, the clearance suspension decision is subject to the harmful procedural error standard of 5 U.S.C. § 7701(c)(2)(A).  *Romero*, 527 F.3d at 1328–30 ("the Board may review whether the agency has complied with its procedures for revoking a security clearance, even though it may not review the substance of the revocation decision.); 5 C.F.R. § 1201.56(c)(1).

First, the appellant alleged Segura did not afford her a meaningful opportunity to reply to the proposed clearance suspension because he did not consider certain medical documentation she presented in her response.   As discussed above, however, Segura testified that he did consider the documentation, albeit some of it was untimely presented.  RAF, Tab 17 (HCD). He explained that he had questions regarding the authenticity of the medical documentation the appellant originally provided and therefore did not consider it. *Id.*  He further testified, however, that the appellant's doctor later submitted the documentation directly to him and that he fully considered this documentation prior to his decision.  *Id.*

I find Segura's testimony credible, as he testified with specificity regarding the two documents and the sequence of events prior to his review.  RAF, Tab 17 (HCD); *see also Hillen*, 35 M.S.P.R. at 458-462*.*  His demeanor while testifying was calm and earnest, indicating the truthfulness of his statements.  *Id.*  The appellant pointed to Segura's EEO statement, taken during the EEO investigation process and dated June 25, 2020, to allege that Segura's hearing testimony was not credible.  In that statement, Segura was asked why the complainant's medical documentation stated she was not a harm to herself or others was not mitigating.

AF, Tab 7 at 111.  In response, Segura stated "The Complainant submitted medical documentation to Security; the documentation was not submitted by Complainant's doctor."  *Id.* at 112.  However, Segura credibly testified that this portion of his statement referred to the letter the appellant provided to him directly.  RAF, Tab 17 (HCD).  He testified that the documentation the doctor later provided directly was fully considered prior to his decision to suspend her classified access and that the documentation was submitted to DoD CAF along with the rest of the appellant's file.  *Id.*  The appellant did not present any evidence disputing this testimony.  Accordingly, I find the agency has proven Segura provided the appellant with a meaningful opportunity to respond to the proposed suspension of her access to classified information in accordance with NAVSEA policy and that Segura thoroughly considered her entire response thereto.

The appellant also alleged the agency failed to "work with her" at the local level rather than suspending her classified access.  The appellant's allegations appear to suggest that the agency should have engaged in alternative dispute resolution or mediation regarding her classified access.  However, the appellant failed to present any policy indicating the agency was required to do so. Furthermore, Segura testified that SECNAV M5510.30 requires that he forward to DoD CAF all pertinent information regarding and suspension of clearance for adjudication at the DoD CAF level.  RAF, Tab 17 (HCD).  He explained that he has no authority to rescind his decision to suspend access to classified information once that decision has been made.  *Id.*  Rather, only DoD CAF has authority to make a determination regarding the employee's security clearance at that time.  *Id.*  The appellant provided no evidence rebutting this credible testimony.  *Hillen*, 35 M.S.P.R. at 458-462.

Finally, the appellant alleges the agency violated Executive Order No. 12968, "Access to Classified Information," Sections 5.2a.1 and a.2 in that the agency did not follow the proper procedures set forth therein relating to the

suspension of her classified access.  Pursuant to Executive Order No. 12968 Sec. 5.2, *Review Proceedings for Denials or Revocations of Eligibility for Access*,"

(a) Applicants and employees who are determined to not meet the standards for access to classified information established in section 3.1 of this order shall be:

(1) provided as comprehensive and detailed a written explanation of the basis for that conclusion as the national security interests of the United States and other applicable law permit;

(2) provided within 30 days, upon request and to the extent the documents would be provided if requested under the Freedom of Information Act (5 U.S.C. 552) or the Privacy Act (3 U.S.C. 552a), as applicable, any documents, records, and reports upon which a denial or revocation is based.

*See* RAF, Tab 14 at 13.

The appellant presented no evidence supporting her interpretation that these provisions are applicable to NAVSEA's suspension of her classified access or that the agency violated these provisions.  On the contrary, Segura credibly testified that the referenced provisions refer to proceedings before the DoD CAF for denying or revoking access to classified information.  RAF, Tab 17 (HCD). He explained that the decision to locally suspend access to classified information is a different process, specific to NAVSEA, and is preliminary to DoD CAF's ultimate determination as to whether the revoke the appellant's clearance.  *Id.*  I find Segura's testimony regarding this issue to be credible given his position as Security Director, responsible for implementing required clearance procedures, and his specialized knowledge of the security clearance process.  *Hillen*, 35 M.S.P.R. at 458-462.  I further find his explanation consistent with the language of the Executive Order on its face.  *See* RAF, Tab 14 at 13.  Accordingly, I find Segura's testimony credible and give it substantial weight.  *Hillen*, 35 M.S.P.R. at 458-462.  I further find credible Segura's testimony that, regardless, he did provide the appellant with a detailed, written explanation of his decision to suspend her classified access as required.  Segura's testimony is consistent with his written notice suspending the appellant's classified access and the appellant

has failed to present any credible rebuttal evidence.  AF, Tab 16 at 18; *see also Hillen*, 35 M.S.P.R. at 458-462.

Accordingly, I find the appellant has failed to satisfy her burden of proving the agency committed harmful error with respect to any of its internal procedures for suspending her access to classified information.

<u>The sustained misconduct has a nexus, or logical connection, to the efficiency of the service.</u>

The agency must show that its action promotes the efficiency of service.  In other words, there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his duties satisfactorily or some other legitimate government interest.  *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 14 (2007).  It is well settled that, where an adverse action is based on the failure to maintain a security clearance required by the job description, the action promotes the efficiency of the service because "the absence of a properly authorized security clearance is fatal to job entitlement."  *Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 13 (2014), citing *Robinson v. Department of Homeland Security*, 498 F.3d 1361, 1365 (Fed. Cir. 2007).  As the agency has proven a security clearance was a condition of employment for the appellant, I find that the agency has demonstrated a nexus between her failure to maintain a security clearance and the efficiency of the service.  AF, Tab 8 at 23; *Munoz*, 121 M.S.P.R. 483 at ¶ 13.

The Board has declined to consider the *Douglas* penalty factors in cases involving adverse actions based on security clearance revocations if an employee has not been provided a substantive right to reassignment through statute or regulation, such as in this appeal.  *Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1373 (Fed. Cir. 2015); *Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 15 (2014).  The Board has found that consideration of the *Douglas* factors would be inappropriate in such cases because, in the absence of a

statute or regulation requiring the agency to seek out alternative employment, the Board lacks the authority to review whether an employee's reassignment to a position not requiring a security clearance would have been feasible. *Id.; see also Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580–81 (Fed. Cir.1989) (where transfer or reassignment of an employee who is denied a security clearance is not mandated, "the Board has no role" in reviewing whether the employee should have been reassigned instead of receiving an adverse action).

The appellant has presented no evidence of a statute or regulation requiring the agency to reassign her to another position pending final adjudication of her clearance eligibility. On the contrary, the agency has presented evidence that it does not have a policy requiring reassignment of an employee in the appellant's situation. AF, Tab 17 at 4. As such, the correct standard to be applied is whether the penalty of an indefinite suspension in these circumstances exceeded "the tolerable limits of reasonableness." *Marshall-Carter v. Department of Veterans Affairs*, 94 M.S.P.R.518, ¶ 14 (2003), *aff'd*, 122 Fed. Appx. 513 (Fed. Cir. 2005). I find that the suspension of the appellant's classified access prevented her from performing her assigned duties because access to classified information is a condition of her position. Therefore, I find the agency's determination to indefinitely suspend her pending final adjudication of her clearance eligibility is within the tolerable bounds of reasonableness and find no basis to disturb the agency's chosen penalty. *Id.*

The appellant's claims of discrimination and reprisal

The Board generally cannot decide a claim of discrimination in an appeal from an action that was based on suspension or revocation of access to classified material because deciding the discrimination allegation would involve an inquiry into the merits of the security determination. *See Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 40 (2012); *Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 (2010) (same); *Hesse v. Department of State*, 82 M.S.P.R. 489, ¶ 9 (1999), *aff'd*, 217 F.3d 1372 (Fed. Cir. 2000) (same);

*Pangarova v. Department of the Army*, 42 M.S.P.R. 319, 324 (1989) (the Board may not review discrimination and reprisal allegations in the context of an action stemming from a security clearance determination because the allegations are "inextricably intertwined with agency's denial of a security clearance"). Accordingly, the Board cannot hear allegations that the agency's suspension of her security clearance of the events leading up thereto were discriminatory or taken in retaliation for the appellant's prior EEO activity.

The appellant argues the agency's suspension of her classified access and its decision to indefinitely suspend her during the clearance adjudication process was discriminatory on the basis of her disability and prior protected EEO activity. In support of her claims, she alleges the agency failed to accommodate her requests for reasonable accommodation prior to the clearance suspension and otherwise discriminated against her during that time period. *See generally*, AF, Tab 1 at 5-6. However, the appellant's arguments attempt to delve into the substantive reasons for the agency's clearance suspension and, as set forth above, the Board may not review those determinations. *See Egan*, 484 U.S. at 529-32; *Romero*, 527 F.3d at 1328; *see also* RAF, Tab 17 (HCD).

Nevertheless, to the extent the appellant asserts that the agency was motivated by discrimination or retaliation in deciding what action to take as a result of her clearance suspension, I find such allegations may be distinct from the merits of clearance suspension itself. The Board has suggested that it may adjudicate claims that discrimination or retaliation motivated the agency to indefinitely suspend the appellant rather than take other action (or no action), where such allegations do not require or otherwise implicate the security clearance determination itself. *Helms*, 114 M.S.P.R. 447, n. 1 (assuming without deciding that the Board could adjudicate claims of discrimination as to the penalty for an adverse action based on clearance issues); *c.f. Munoz v. Department of Homeland Security,* 121 M.S.P.R. 483, ¶ 14 (2014) (allegation

of disparate penalties "without a claim of prohibited discrimination" cannot be adjudicated in adverse actions based on clearance issues).

Nevertheless, the appellant failed to establish that she was subject to any such discrimination or reprisal.  The appellant alleges Johnson could have chosen to reassign her to a position that does not require a security clearance rather than to indefinitely suspend her employment.  RAF, Tab 17 (HCD).  The appellant acknowledges the agency's written policy that it does not require management to reassign employees upon suspension or revocation of a security clearance.  *Id.*  However, the appellant alleges Johnson was not prohibited from doing so, and therefore made a conscious choice to indefinitely suspend her instead.  *Id.*

The appellant failed to present any evidence that Johnson was motivated by her disability or prior protected activity in deciding to indefinitely suspend her.  In particular, the appellant did not present any evidence that Johnson has reassigned other similarly situated employees with suspended security clearances, or that similarly situated employees without disabilities or prior EEO activity were otherwise treated more favorably than she.  On the contrary, Johnson credibly testified that indefinite suspension was the appropriate action given her clearance suspension and that a reassignment was not a viable option.  RAF, Tab 17 (HCD).  Norman Ellis, the Employee Relations Specialist who assisted management with the appellant's indefinite suspension, credibly corroborated that no employee who has had their clearance suspended has received a reassignment as an alternative.  RAF, Tab 17 (HCD).  Rather, he credibly testified that all such employees are indefinitely suspended from employment in these circumstances. *Id.*  The appellant has failed to present any evidence rebutting this credible testimony.  *Hillen*, 35 M.S.P.R. at 458-462.  Nor has she presented any other credible evidence indicating the agency was motivated by her disability or prior protected activity in effecting her indefinite suspension.  Accordingly, the appellant failed to establish her affirmative defense of discrimination or reprisal.

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:                    _____/S/_____
                                 Monique Binswanger
                                 Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **February 24, 2022**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review.  Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

### NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

### <u>Criteria for Granting a Petition or Cross Petition for Review</u>

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to

warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the

pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record.  A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first.  If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt.  You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim.  The date of filing by mail is determined by the postmark date.  The date of filing by fax or by electronic filing is the date of submission.  The date of filing by personal delivery is the date on which the Board receives the document.  The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service.  Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party.  *See* 5 C.F.R. § 1201.4(j).  If the petition is filed electronically, the online process itself will serve the petition on other e-filers.  *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S.

Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>