# EXHIBIT G



# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Clerk of the Board**

1615 M Street, N.W.
Washington, D.C. 20419-0002

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

**March 7, 2022**

Notice to:

Carrie Nicole Thomas
145 North Vail Drive
Madison Heights, VA 24572

> Re:  Carrie Nicole Thomas v. Department of the Navy
> MSPB Docket Number: DC-0752-21-0311-I-2

We received your petition for review on February 25, 2022. The agency may file a response, or file a cross petition for review, on or before April 1, 2022. A cross petition for review differs from a response because it also disagrees with the initial decision. If a cross petition for review is filed, any response must be filed within 25 days after the date of service of the cross petition. Any response or cross petition for review is limited to 30 pages or 7500 words, whichever is less.

The appellant may file a reply to the response to the petition for review within 10 days after the date of service of the response. A reply may not be more than 15 pages or 3750 words, whichever is less, and is limited to the factual and legal issues raised in the response to the petition for review. A request to submit any pleading in excess of the limits described above must be submitted in accordance with 5 C.F.R. § 1201.114(h) and will be granted only in exceptional circumstances.

The Washington Regional Office issued an initial decision in your case (see Docket Number above) on January 20, 2022. Your petition is untimely filed because it was not postmarked or received in this office on or before February 24, 2022, the 35th day following the issuance of the initial decision. Under the law (5 U.S.C. § 7701(e)(1)(A)) and regulation (5 C.F.R. § 1201.114(e)) that govern petitions for review, a petition must be filed within 35 days after the date on which the initial decision was issued, or within 30 days after the receipt of the decision, whichever is later. The Board's regulation (5 C.F.R. § 1201.114(g)) also requires that a petition for review that appears to be untimely be accompanied by a motion to (1) accept the filing as timely, and/or (2) to waive the time limit for good cause.

If you want to file the motion described above, you must include either (1) a statement, signed under penalty of perjury, or (2) an affidavit (a sworn statement taken

before a notary public or similarly authorized official), showing either that your petition was timely filed, even though filed more than 35 days after the initial decision was issued, or that there is good cause for the late filing. If you claim you did not receive the initial decision within 5 days of its issuance, you must provide evidence that supports your claim. (The facts asserted in your affidavit or statement under penalty of perjury are considered as evidence.) If you submit evidence that you did not receive the initial decision within 5 days of its issuance, this alone does not make your petition timely, you must also establish good cause for the additional delay in filing your petition.

To assist you, we are enclosing a "Motion to Accept Filing as Timely or to Waive Time Limit" form. Your motion and properly signed statement must be postmarked if mailed or sent by facsimile on or before <u>March 22, 2022</u>. Your motion and signed statement must be sent to the other parties and their designated representatives and must include a certificate showing how and when you sent copies to the other parties. 5 C.F.R. § 1201.114(j).

Unless you provide a motion with an affidavit or signed statement, as explained above, the Board may issue an order dismissing your petition for review as untimely, which would result in the initial decision becoming the Board's final decision.

The filing date of any submission described above is the date the document is postmarked, if mailed; the date the document is received by the Board, if personally delivered; the date the facsimile of the document was sent; or the date of electronic submission, if filed via e-Appeal. All submissions must be served on each party and representative and must include a certificate of service. The parties are informed that the Clerk of the Board may reject any submissions that do not substantially conform to the procedural requirements of 5 C.F.R. Part 1201, subpart C. You may review the Board's petition for review procedures at 5 C.F.R. § 1201.114.

The record closes when the time period ends for filing a reply to a response to the petition for review or a response to a cross petition for review. The Board will not accept any pleading other than the ones described above unless the party files a motion and obtains leave from the Clerk of the Board to file an additional pleading. Any such motion must describe the nature of and need for the pleading. 5 C.F.R. § 1201.114(a)(5). Additionally, after the record closes, the Board may accept an additional submission other than the pleadings described above only if the party was granted leave to file such pleading and the submission includes a statement that convinces the Board that the submission was not readily available before the record closed. 5 C.F.R. § 1201.114(k). All parties are reminded that they must notify the Board and each other in writing of any changes in representation and/or address.

The Board encourages settlement. If the parties settle and they enter a written settlement agreement into the record, the Board will enforce the terms. The Board has no enforcement authority over settlement agreements that are not entered into its record.

        Jennifer Everling
        Acting Clerk of the Board

_____
Markita Bryant
Paralegal Specialist

Attachment: Settlement Program Information
        Show Cause for Late Filing Form

**United States Merit Systems Protection Board**

**PETITION FOR REVIEW SETTLEMENT PROGRAM**

### Introduction

In keeping with its policy of encouraging the settlement of appeals, the Board has a program that helps parties resolve their disputes at the petition-for-review level.  The program is conducted by settlement attorneys in the Board's Office of General Counsel who are familiar with federal employment law.  Settlement will not be attempted in every case because of the Board's limited resources.  When a case is selected, a settlement attorney will contact both parties either in writing or by telephone.

### Case Selection

Cases are selected for the settlement program in several ways.  Most are screened by settlement attorneys, as they are received in the Office of the Clerk of the Board.  Others are selected by a vote of at least 2 Board members who conclude that settlement efforts would be worthwhile in a particular case.  Other cases are selected by decision-writing attorneys in the Office of Appeals Counsel based on their judgment, concurred in by a settlement attorney, that settlement efforts would be appropriate.  Still others may be selected based on a party's request.

If you would like the Board's help in settling your appeal at the petition-for-review level, you may call its headquarters offices in Washington, D.C., at 1-800-209-8960, and leave a message.  A settlement attorney will contact you to discuss settlement possibilities.

### Settlement Discussions

If an appeal is selected for the settlement program, the parties and their representatives must be prepared to discuss settlement options in good faith.  Representatives must have the authority to enter into a settlement agreement.

When a Board appeal is settled, both parties can gain something that they may lose if the Board decides the appeal by the application of legal principles where, most often, one party wins and the other loses. Depending on the circumstances of a particular case, the advantages of such a settlement to an appellant *might* include: a clean record with the reason for separation recorded as a voluntary resignation; a more acceptable date of separation; a modified penalty; a cash buy-out; receipt of some, if not all, back pay; the agency's agreement not to challenge an application for unemployment benefits; the agency's agreement not to divulge detrimental information to potential future employers; or the payment of some, if not all, attorney fees. The advantages to the agency *might* include: the immediate resolution of an employment problem, possibly extending to other employment disputes involving the same employee; saving the time of agency representatives, management officials, and agency witnesses; not having financial resources tied up in litigation before the Board and the courts; and minimizing or avoiding potential back-pay liability.

*Please keep in mind that these advantages to the appellant and the agency are possibilities only; some or all may not apply to a particular case, but there may be other advantages depending on the nature of the case.*

## **Confidentiality**

The Board's settlement attorneys will treat all discussions with parties as strictly confidential. If settlement is attempted in an appeal but an agreement is not reached, the petition for review will be adjudicated on its merits by the Board in the regular manner. The settlement attorneys will *not* divulge any information learned during settlement discussions to Board members or to those who advise the Board on appeals cases or prepare recommended decisions. Because of this strict confidentiality policy, settlement attorneys may speak with the parties to an appeal individually about the merits of the case without violating the prohibition in the Board's regulations against ex parte communications. *See* 5 C.F.R. § 1201.101.

During these discussions, the settlement attorney is free to provide his or her own views of the appeal. While such views are worthy of serious consideration as those of an attorney familiar with Board law, they do not necessarily represent the views of the Board. Again, the purpose of any discussion initiated by a settlement attorney with a party to an appeal before the Board on petition for review is to encourage and help parties to settle their differences.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

| | |
|---|---|
| Electronic Mail | Carrie Nicole Thomas<br>145 North Vail Drive<br>Madison Heights, VA 24572 |

<u>Agency Representative</u>

| | |
|---|---|
| Electronic Mail | Javier L. Martinez<br>Department of the Navy<br>Naval Sea Systems Command, 00L<br>1333 Isaac Hull Avenue, S.E.<br>Washington Navy Yard, DC 20376 |
| Electronic Mail | Steven Lippman<br>Department of the Navy<br>Office of Counsel<br>1333 Isaac Hull Avenue, S.E., Room 4W-3770<br>Washington Navy Yard, DC 20376 |

<u>March 7, 2022</u>　　　　　　　　　　　　　　　　
(Date)　　　　　　　　　　　　　　　　Markita Bryant
　　　　　　　　　　　　　　　　　　　Paralegal Specialist

# MOTION TO ACCEPT FILING AS TIMELY AND/OR TO ASK THE BOARD TO WAIVE OR SET ASIDE THE TIME LIMIT

CASE NAME:  Carrie Nicole Thomas v. Department of the Navy
DOCKET NUMBER:  DC-0752-21-0311-I-2

**Please choose and complete the following, as appropriate (use attachments as necessary):**

1. I ask that the Board allow me to submit my proof that my petition was filed on time for the reason shown below.  The following includes an exact and detailed description of when I received the initial decision.

2. I ask that the Board set aside (i.e., waive) the deadline for filing my petition for the good cause (i.e., reason) shown below[1].  The following is an exact and detailed description of the circumstances which caused my petition to be filed late.

3. I have included documents and/or other evidence that supports this request, namely:

    a.

    b.

---

[1] If you are alleging that your health has affected your ability to meet filing deadlines, the Board will find good cause for waiver of its filing time limits if you demonstrate that you suffered from an illness that affected your ability to file on time.  To establish that an untimely filing was the result of an illness, you must: (1)Identify the time period during which you suffered from the illness; (2) Submit medical or other evidence showing that you suffered from the alleged illness during that time period; and, (3) Explain how the illness prevented you from timely filing your appeal or your petition for review.

     c.

4. The reason(s) that I did not ask the Board for an extension of time to file the document before the deadline is :

---

**PLEASE USE <u>ONE</u> OF THE FOLLOWING TWO SIGNATURE OPTIONS:**

## OPTION 1.  SIGNED STATEMENT

I, Carrie Nicole Thomas Appellant, swear under the penalty of perjury under the laws of the United States of America that the statements above are true and correct.

| Signature | Date |
|---|---|

## OPTION 2.  AFFIDAVIT

I, Carrie Nicole Thomas Appellant, swear (or affirm) that the statements above are true and correct.

_____
Signature

City/County of_____

State/Commonwealth of _____

Acknowledged and Sworn to me before this _____ day of _____200__

_____
Signature of Notary

_____
Expiration Date