CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/15/2024
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

CARRIE N. THOMAS

*Plaintiff*,

v.

CARLOS DEL TORO, SECRETARY OF THE
NAVY, *et al.*,

*Defendants.*

CASE NO. 6:23-cv-00034

MEMORANDUM
OPINION

JUDGE NORMAN K. MOON

Defendants Carlos Del Toro, Secretary, Department of the Navy, and Ronald Freels, Division Chief, Adjudications Directorate, Department of Defense, Consolidated Adjudications Facility, filed a Motion to Dismiss and for Summary Judgment. Dkt. 18. The Court previously granted Plaintiff Carrie N. Thomas's Motion for Extension of Time to File Response/Reply, *see* Dkts. 21, 22. Plaintiff responded to the Motion for Summary Judgment, Dkt. 25, and again requested more time, which the Court once more granted. Dkt. 28. With the time for briefing now over, the Court will grant the Motion to Dismiss and for Summary Judgment, for the reasons explained below.

## BACKGROUND

Plaintiff Carrie N. Thomas, proceeding pro se, brought his complaint against Defendants, alleging violations of the Rehabilitation Act and the Health Insurance Portability and Accountability Act (HIPAA) during her prior employment by the Department of the Navy. Dkt. 2. Specifically, she makes six claims: (1) that the Navy failed to provide her with a reasonable accommodation; (2) that she suffered retaliation and a hostile work environment

while her accommodation request was pending; (3) that her supervisor shared information about her health; (4) that her supervisor made a negative false statement about her to security and that her psychiatrist issued a letter to NAVSEA security; (5) that her security clearance was revoked and  she was improperly placed in unpaid leave during her security clearance review; and (6) that she was forced to meet with a Navy psychiatrist during the security clearance review, and that the Department of Defense falsified his findings.

Plaintiff bought the issues in the first three claims to the EEOC. Dkt. 2 at 2. When she sought to add the issues related to her security clearance to that complaint, her case was bifurcated, because the security clearance matter—Counts Four, Five, and Six in this case—fell in the ambit of the Merit Systems Protection Board (MSPB) rather than the EEOC. Dkt. 19-4 (Department of the Navy Office of Equal Employment Opportunity letter at 1).

Defendants moved to dismiss and for summary judgment on multiple grounds: first, that the Court lacks subject matter jurisdiction over security clearances; second, that Plaintiff's claims were untimely; third, that Plaintiff failed to state a claim.[1] Dkt. 19.

Plaintiff requested additional time to respond to Defendant's Motion, which the Court granted. Dkts. 23, 24. Her response to Defendants was styled "Plaintiff's Motion to Suppress Any Documentation or Testimony Provided After 30 Sept 2019, Motion to Keep Venue at the Lynchburg United States Court Division, and Motion to Dismiss[.]" Dkt. 25. The brief was accompanied by hundreds of pages of exhibits, but does not clearly respond to Defendants' arguments as to timeliness, or statement of a claim. *Id.* In the brief, Plaintiff does state that she "do[es] not intend to request the court to rule on the decision made about [her] Security

---

[1] Defendants also argue that Ronald Freels is not a properly included Defendant. Dkt. 19. Because the Motion to Dismiss and Motion for Summary Judgment will be granted, ending the case, the Court omits discussion of who would be a proper defendant going forward.

2

Clearance[.]" *Id.* at 4. On July 19, 2024, Plaintiff filed another motion, this time requesting "a minimum of 120 days to place this legal motion on hold" while attempting to "have a successful mediation with Defendant" and "have a proper [] discovery period[.]" Dkt. 29. Defendants did not respond to this Motion.

LEGAL STANDARDS

### 1. *Federal Rule of Civil Procedure 12(b)(1)*

When a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure contends that the jurisdictional allegations of the complaint are untrue, then "[a] trial court may then go beyond the allegations of the complaint and ... determine if there are facts to support the jurisdictional allegations." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff bears the burden of proving subject matter jurisdiction, and a court may consider evidence by affidavit, deposition, or live testimony. "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate fact finder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." *Id.*

### 2. *Federal Rule of Civil Procedure 56*

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable [fact finder] could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018).

The moving party bears the burden of establishing that summary judgment is warranted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the moving party meets this burden,

the nonmoving party must set forth specific, admissible facts to demonstrate a genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-movant may not rest on allegations in the pleadings; rather, he or she must present sufficient evidence such that a reasonable fact finder could find by a preponderance of the evidence for the non-movant. *See Celotex Corp.*, 477 U.S. at 322–24; *Sylvia Dev. Corp. v. Calvert Cnty, Md.*, 48 F.3d 810, 818 (4th Cir. 1995). The district court must "view the evidence in the light most favorable to the nonmoving party" and "refrain from weighing the evidence or making credibility determinations." *Variety Stores, Inc.*, 888 F.3d at 659.

DISCUSSION

### 1. The Court lacks jurisdiction over Plaintiff's security clearance

This Court lacks jurisdiction over security clearance decisions. *See Hegab v. Long*, 716 F.3d 790, 794 (4th Cir. 2013) (stating that "when we have been asked to review security clearance decisions, we have concluded that courts are generally without subject-matter jurisdiction, recognizing that a court should not be put in the position of second-guessing the discretionary judgment of an executive agency assessing national security risks.") Moreover, it seems from her Response that Plaintiff concedes that this Court cannot reinstate her security clearance. Dkt. 25 at 4. Nor does she offer argument or evidence in opposition to Defendants' argument that this Court lacks subject matter jurisdiction over security clearance matters.

The Court will dismiss the claims pertaining to Plaintiff's security clearance—Counts Four, Five, and Six—for lack of subject matter jurisdiction.

### 2. Plaintiff's claims are untimely, and so cannot proceed

Defendants argue that all of Plaintiff's claims are barred by the relevant statutes of limitations.

4

First, Defendants point to uncontroverted evidence that the Merit Systems Protection Board (MSPB) made its decision affirming Plaintiff's suspension and security clearance on January 20, 2022; the decision became final on February 24, 2022. Dkt. 19-6. Plaintiff had 30 days from the date of finalization to file a civil action in federal district court. 5 U.S.C.A. § 7703 (b)(2).

Plaintiff did not file her complaint in this case until June 21, 2023, more than a year later. Dkt. 1. And while she did file a petition that the MSBP review its decision in her case, she did not do so within the 35-day time limit established by law and regulation. 5 U.S.C. § 7701(e)(1)(A); 5 C.F.R. § 1201.114(e). *See* Dkt. 19-7 at 1 (MSPB Letter acknowledging receipt of untimely petition). Plaintiff does not address the issue of timeliness in her Response, or cite any authority for the proposition that an untimely petition for review would toll the statute of limitations.

Consequently, the Court finds that the claims based on Plaintiff's suspension and security clearance revocation are untimely, and could not proceed even if the Court enjoyed subject matter jurisdiction.

Next, the Court turns to Plaintiff's claims under the Rehabilitation Act. Plaintiff filed a formal complaint with the EEOC alleging that her employer had discriminated against her on the basis of disability and had retaliated against her. *See* Dkt. 19-A (Department of the Navy Office of Equal Employment Opportunity, Final Agency Decision issued April 1, 2021). The EEOC dismissed some of Plaintiff's complaints as untimely, and with regard to the rest, concluded that the Department of the Navy did not discriminate against Plaintiff based on disability, or retaliate against her for EEO activity. *Id.* at 12.

5

Plaintiff exercised her right to appeal the decision to the EEOC Office of Federal Operations (OFO). *See* Dkt. 19-2 (OFO Decision). The OFO affirmed the prior decision on August 30, 2022. *Id.* at 13, 15. The OFO informed Plaintiff that she had 30 days from receipt of the decision to request reconsideration (and that the 30-day clock would begin to run five days after mailing, on September 4, 2022)—and also that, in the alternative, Plaintiff had 90 days to file a civil suit. *Id.* at 14–15; *see also* 29 C.F.R. § 1614.405(c) (stating that a party must request reconsideration within 30 days of receipt of an OFO decision); *Radin v. Runyon*, 112 F.3d 510, n* (4th Cir. 1997) (per curiam) (explaining that Rehabilitation Act claims against government employers "utilize Title VII's procedural scheme" and require the filing of a civil suit within 90 days).

While Plaintiff requested reconsideration, she did so on October 11, 2022, which is more than 30 days after September 4, 2022. Consequently, Plaintiff's request for reconsideration was untimely, and did not toll her filing period for a civil suit. The complaint in this case was filed on June 21, 2023—some six months after the end of Plaintiff's 90-day filing period. Plaintiff's Rehabilitation Act claims (Counts One, Two, and Three) are therefore untimely, and Defendants are entitled to judgment as a matter of law. [2]

---

[2] Because Defendants are entitled to judgment as a matter of law as to Plaintiff's Rehabilitation Act claims, the Court omits substantial discussion of Defendants' argument that Plaintiff fails to state a claim. However, the Court notes that Plaintiff does not clearly allege several necessary elements of her claims, such as that the accommodations she proposed were in fact reasonable (*see Hannah P. v. Coats*, 916 F.3d 327, 337–38 (4th Cir. 2019) (laying out the elements for a reasonable accommodation denial claim and stating that "[t]he Rehabilitation Act does not require an employer to provide the exact accommodation that an employee requests")). As to her claims based on other retaliatory behavior, Plaintiff does not clearly allege a causal relationship between protected activity—namely, requesting accommodation—and the alleged retaliatory acts. *See Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) ("To succeed on a retaliation claim, plaintiff must prove that (1) she engaged in a protected activity; (2) the

CONCLUSION

For the reasons explained above, the Court **will grant** Defendants' Motion for Summary Judgment and Motion to Dismiss, Dkt. 18.

Because Defendants are entitled to dismissal—and the Court has already granted Plaintiff three extensions of time, *see* Dkts. 12, 22, 28—the Court **will deny** Plaintiff's Motion requesting a further 120-day stay or extension of time. Dkt. 29.

The Court will also deny Plaintiff's Motion to Suppress, Dkt. 25. This is because while she asserts generally that some information in Defendants' exhibits is based on inaccurate data from her former employer as to the accommodation process, she does not point to any evidence that Defendant misrepresents the *timeliness* of her various complaints and appeals, which are dispositive as to her Rehabilitation Act claims.

An Order will issue to this effect.

The Clerk of the Court is hereby directed to send this Memorandum Opinion to Plaintiff and all counsel of record, and to strike this case from the active docket of the Court.

Entered this ___15th___ day of August, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action.") (internal citation omitted). The Court also notes that hostile environment harassment requires a showing of "severe or pervasive" harassment—a "high bar" which is cannot be met by mere "rude treatment" or "callous behavior by [one's] superiors." *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) (internal quotations omitted) (brackets in original).